

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD J. HEBERT, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-3485** |
| **JAMES LEBLANC, WARDEN**<br>**DIXON CORRECTIONAL INSTITUTE** | **SECTION C** |

### ORDER AND REASONS

Before this Court is a petition for habeas corpus relief by Mr. Harold J. Hebert ("Petitioner"), pursuant to 28 U.S.C. § 2254. As grounds for relief, Petitioner claims that his right to due process of law was violated under *Brady v. Maryland*, 373 U.S. 83 (1963), when the state withheld exculpatory evidence in the form of a police report which Petitioners contends supported an insanity defense. Petitioner also argues that he was denied effective assistance of counsel because the Louisiana public defender services are underfunded and structurally defective.

Upon a thorough review of the record, the Court has determined that Petitioner's habeas corpus petition should be denied. Petitioner's first claim is without merit, and his second claim is time barred from review. For the reasons set forth below, this petition is DENIED.

**I. Background**

Petitioner, Mr. Harold Hebert, is a state court prisoner incarcerated at the Dixon

Correctional Institute in Jackson, La.[1] The Fourth Circuit Court of Appeal related the following facts surrounding Mr. Hebert's conviction:[2]

> "On March 25, 1985, relator pled guilty to one count of forcible rape, two counts of armed robbery, and two counts of simple kidnapping. The court sentenced him as to count one to serve twenty years at hard labor, the first two years were to be served without benefit of probation or suspension of sentence. The sentence in count one was to run consecutively with the sentences in count two and four. He was sentenced on each of the armed robbery convictions to serve ninety-nine years at hard labor without the benefit of parole, probation, or suspension of sentence. The sentences were to run concurrently with each other. He was sentenced on each of the two simple kidnapping convictions to serve five years at hard labor to run concurrently with each other and concurrently with all other counts. On November 3, 1995, the court granted relator's application for post conviction relief and allowed relator to withdraw his plea of guilty to all counts. His plea of not guilty was reinstated as to all counts. Relator then withdrew his former plea of not guilty and tendered a plea of guilty to one count of forcible rape, two counts of armed robbery, counts two and four, and two counts of simple kidnapping, counts three and five. The court sentenced relator as to count one to serve forty years at hard labor without the benefit of probation, parole, or suspension of sentence; counts three and five, five years at hard labor on each count without the benefit of probation, parole, or suspension of sentence. The sentences in all counts were to run concurrently with each other. The State agreed not to multiple bill. On February 25, 1999, the court granted relator's motion to correct an illegal sentence as to count one only. The court resentenced him to serve twenty years at hard labor without the benefit of probation, parole, or suspension of sentence. The sentence was to run concurrently with the sentences relator is serving for counts two, three, four, and five."

Petitioner states that he discovered new evidence in the form of police report describing the details of the rape. This constitutes the basis of the current habeas petition. Petitioner filed a state application for post-conviction relief on August 29, 2001 in the Orleans Criminal District

---

[1] Fed. Rec., Rec. Doc. 2, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody, *Hebert v. LeBlanc*, No. 04-3485 (signed Dec. 16, 2004).

[2] State Rec., Vol. 1 of 2, Writ Granted in Part, *State v. Hebert*, No. 99-K-2293 (Nov. 23, 1999).

Court.[3] When he received no answer concerning the disposition of his case, on August 28, 2003,[4] he filed a Petition for Writ of Mandamus in the Louisiana Fourth Circuit Court of Appeal, requesting the court to order the disposition of his application.[5] The Fourth Circuit denied his writ on October 16, 2003, stating, "A plea of guilty waives all non-jurisdictional defects."[6] He filed an application for certiorari in the Louisiana Supreme Court on November 12, 2003,[7] which was denied without comment on December 10, 2004.[8]

Petitioner filed the instant federal habeas petition on December 16, 2004.[9]

## II. Timeliness

Generally, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

---

[3] State Rec., Vol. 2 of 2, Uniform Application for Post-Conviction Relief, *Hebert v. LeBlanc* (signed Aug. 29, 2001). August 29, 2001 is the earliest date that Petitioner could have presented his petition for mailing, and therefore the earliest date this Court could consider the petition as filed for statute of limitations purposes. The Court will thus treat this date as the date it was filed for purposes of determining timeliness. *See Roberts v. Cockrell*, 319 F.3d 690, 691 n2 (5th Cir. 2003).

[4] It appears as though Petitioner also filed another state application for post-conviction relief in the criminal district court on September 2, 2003, which the court denied on July 7, 2004. State Rec., Vol. 1 of 2, Judgment, *State v. Hebert*, No. 305-829 (Jul. 7, 2004); State Rec., Vol. 1 of 2, Uniform Application for Post-Conviction Relief, *Hebert v. Leblanc* (received Sept. 2, 2003).

[5] State Rec., Vol. 2 of 2, Petition for Writ of Mandamus, *Hebert v. LeBlanc* (Aug. 28, 2003).

[6] State Rec., Vol. 1 of 2, Writ Denied, *State v. Hebert*, No. 2003-K-1581 (Oct. 16, 2003).

[7] State Rec., Vol. 2 of 2, Application for Writ of Certiorari and/or Remedial Writ of Review, *Hebert v. State*, No. 03-KH-3115 (Nov. 12, 2003).

[8] State Rec., Vol. 2 of 2, Denied, *Hebert v. State*, No. 2003-KH-3115 (Dec. 10, 2004).

[9] Fed. Rec., Rec. Doc. 2, Petitioner Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody, *Hebert v. LeBlanc*, No. 04-3485 (signed Dec. 16, 2004).

requires that a Petitioner bring his Section 2254 claims within one year of the date on which his conviction or sentence became final. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed this claim on December 16, 2004, which is almost twenty years after his original guilty plea, and almost ten years after his guilty plea was withdrawn and he pled guilty again.

Mr. Hebert's federal petition is therefore untimely unless he can establish a basis for tolling the statute of limitations. Under 28 U.S.C. § 2244(d)(1)(D), Congress provided an exception to the rule that the limitations period commences at the finality of the state court conviction. Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations period commences on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Section 2244(d)(1)(D) provides for equitable tolling when the facts on which a federal habeas claim are based would not have been discovered by a duly diligent petitioner. *See Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000), *cert. denied*, 531 U.S. 881 (2000).

### *Brady* Claim

As to his first claim, Petitioner argues that the factual predicate of his *Brady* claim would not have been available until he discovered the violation by obtaining the report through a public records request. Mr. Hebert could not have filed this federal petition until he obtained the police report. Mr. Hebert does not provide any evidence establishing that the report was not turned over to his defense counsel. Nor does he provide a date that the report was turned over. However, for purposes of this habeas petition, this Court will assume that Mr. Hebert did not have access to the

police report until some time after September 17, 2000,[10] rendering Petitioner's *Brady* claim in his federal habeas petition timely.[11]

## Ineffective Assistance of Counsel

Petitioner's second claim is that he was denied effective assistance of counsel because the Louisiana public defender services are underfunded and structurally defective.[12] This claim is based on *State v. Peart*, 621 So.2d 780 (1993), in which the Louisiana State Supreme Court held that indigent defendants in Section E of Orleans Parish Criminal Court were generally not provided with effective assistance of counsel, and that a rebuttable presumption existed that indigents in that section did not receive effective assistance of counsel. Unless Petitioner can establish a basis for tolling the statute of limitations, this claim is untimely.

Petitioner cannot establish a basis for tolling the statute of limitations. He does not qualify for an exception under Section 2244(d)(1)(D), because there is no reason a duly diligent petitioner would not have known of the ineffective assistance of counsel, or under Section 2244(d)(1)(C), because *Peart* did not recognize a new constitutional right; rather, it applied a

---

[10] This assumption has no effect on the outcome of Mr. Hebert's petition, because this Court finds that it must be denied on the merits.

[11] Petitioner filed a state application for post-conviction relief on August 29, 2001, which tolled the statute of limitations until it was denied by the Louisiana Supreme Court on December 10, 2004. *See Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir.1998); 28 U.S.C. § 2244(d)(2). Six days elapsed until he filed his federal habeas petition on December 16, 2004. He had 346 days remaining in the statute of limtations until his petition would have become untimely. Thus, as long as Petitioner received the newly discovered evidence after September 17, 2000, which is 346 days prior to the filing of his August 29, 2001 state application, his federal petition would be timely.

[12] Fed. Rec., Rec. Doc. 2, Memorandum in Support of Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody at 19, *Hebert v. LeBlanc*, No. 04-3485 (signed Dec. 16, 2004).

constitutional right to a new factual situation.[13] Thus, the one-year statute of limitations started running after his conviction became final, on November 3, 1995, when his guilty plea was withdrawn and reinstated.[14]

The AEDPA's one-year statute of limitations is tolled for the period during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. *See Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir.1998); 28 U.S.C. § 2244(d)(2). After November 3, 1995, Petitioner did not file any application for collateral review attacking his sentence until November 5, 1998.[15] Because

---

[13] There is no reason why Petitioner, exercising due diligence, should not have known of *Peart* when it was decided in 1993, or why Petitioner, exercising due diligence, should not have known that his counsel may have been ineffective prior to the time that the statute of limitations expired.

[14] For purposes of determining timeliness, this Court is using November 3, 1995 as the date his conviction became final, because he is currently attacking the validity of the November 3, 1995 plea.

[15] On November 5, 1998, Petitioner filed a Motion for Modification of Sentence, which was denied by the court on April 19, 1999. (State Rec., Vol. 1 of 2, Supplemental and Amending Motion for Modification of Sentence and/or to Vacate Excessive Sentence and/or to withdraw an involuntary plea, State v. Hebert, No.307-903 (signed Nov. 5, 1998) (date of denial appears reads either March 29, 199 or April 19, 199; however, the year must be 1999, because Petitioner filed the motion in 1998).) Petitioner filed a Motion for an Out-of Time Appeal on December 7, 1998, which was denied on April 19, 1999. (State Rec., Vol. 1 of 2, Motion for an Out-of-Time Appeal, *State v. Hebert*, No. 307-903 (Dec. 7, 2004) (date of mailing is on cover letter and date of denial is handwritten on motion).) Petitioner also filed a Motion to Correct an Illegal Sentence, which was granted as to Count One on February 25, 1999. (State Rec., Vol. 1 of 2, Motion to Correct Illegal Sentence, *State v. Hebert*, No. 305-829 (this motion was undated, but was granted on February 25, 1999);  State Rec., Vol. 1 of 2, Minute Entry, *State v. Hebert*, No. 305-829 (Feb. 25, 1999); State Rec., Vol. 1 of 2, Minute Entry, *State v. Hebert*, No. 305-829 (Feb. 8, 1999) (stating that Motion to Correct An Illegal Sentence was filed on February 8, 1999).) Petitioner filed a Motion for Amendment or Modification of Sentence on January 4, 2000, which was denied the same date. (State Rec., Vol. 1 of 2,Motion for Amendment or Modification of Sentence, *State v. Hebert*, No. 305-389 (Jan. 4, 2000) (date of receipt and denial are handwritten on petition); State Rec., Vol. 1 of 2, Minute Entry, *State v. Hebert*, No. 305-829 (Jan. 4, 2000).) Petitioner filed a

Petitioner pled guilty prior to the enactment of AEDPA, he was given a one year grace period starting on April 24, 1996 to file his habeas petition. *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998). Thus, any petition filed by Mr. Hebert after April 24, 1997 would be untimely, as Mr. Hebert did not have any pending state applications for post-conviction relief or collateral review during that year. This period of 560 days alone makes the current habeas petition untimely, not taking into account the time the statute of limitations ran between the various applications filed by Petitioner prior to the filing of this federal habeas petition.

In addition to tolling for the period during which a properly filed state application is pending, the AEDPA's one-year statute of limitations may also be equitably tolled to preserve a petitioner's claim where strict application of the statute of limitations would prove inequitable. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). The United States Court of Appeals for the Fifth Circuit has joined other federal circuit courts of appeals in holding that the one-year limitation period of the AEDPA is a statute of limitations, not a jurisdictional bar, and, as such, is subject to equitable tolling. *Davis*, 158 F.3d at 811. The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of the action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The Court "must examine each case on its

---

writ to the Louisiana Fourth Circuit Court of Appeals on January, 21, 2000, which was denied on March, 13, 2000. (Fed. Rec. Doc. 11 at 3, *Hebert v. LeBlanc*, No. 04-3485 (Jan. 1, 2005) (the State's Reply Brief cites to an appeal by Mr. Hebert, which this Court cannot find in the record).) Petitioner filed a Motion for Amendment or Modification of Sentence on June 15, 2000, which was denied on September 13, 2000. (State Rec., Vol. 1 of 2, Motion for Amendment or Modification of Sentence, *State v. Hebert*, No. 305-389 (Jun. 15, 2000); State Rec., Vol. 1 of 2, Minute Entry, *State v. Hebert*, No. 305-829 (Aug. 25, 2000); State Rec., Vol. 1 of 2, Minute Entry, *State v. Hebert*, No. 305-829 (Sept. 13, 2000). Aside from these petitions, Mr. Hebert filed no other collateral attacks on his plea or sentence.)

facts to determine whether it presents sufficient 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis*, 158 F.3d at 811).

The Court has carefully reviewed the record and the timing of the filings and writ applications made by Petitioner to determine whether the one-year statute of limitations could be equitably tolled such that Petitioner's federal petition is rendered timely. After a thorough review of the record, the Court determines that Petitioner is not eligible for equitable tolling, as there is no reason why he could not have filed his claim for ineffective assistance of counsel within the one-year statute of limitations. For the reasons stated above, the Court finds that Mr. Hebert's second claim is not timely. Thus, this Court is barred from reviewing Mr. Hebert's second claim.[16]

---

[16] This Court notes that even if Mr. Hebert's second claim was not time barred, it would be denied on the merits. Mr. Hebert has not demonstrated that the presumption of ineffective assistance of counsel established by *Peart* applies to him, as he pled guilty and was sentenced in Section J, not Section E. (State Rec., Vol. 2 of 2, *Boykin* Transcript, *State v. Hebert*, No. 305-829 (November 3, 1995); State Rec., Vol. 2 of 2, Transcript of Hearing on Motions, *State v. Hebert*, No. 305-829 (February 25, 1999).); Moreover, he cannot meet the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In general, a two-pronged test is employed with regard to a claim of ineffective assistance of counsel. First, the petitioner "must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. Second, the petitioner "must show that the deficient performance prejudiced the defense." *Id.* To prove prejudice under the *Strickland* standard, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688-689. The *Strickland* court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.*, at 694. When the issue is the voluntariness of a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Petitioner has not established that it was unreasonable for him to accept the guilty plea. The evidence that Mr. Hebert committed the crime is overwhelming, and the sentence he would have faced if he had been found guilty at trial was severe. (State. Rec., Vol. 2 of 2, D.A. File Supplemental Report, Exhibit C to Petition for Writ of Mandamus, *Hebert v. Leblanc*, No. 03-KH-3115 (Nov.

### III. *Brady* Violation

Petitioner's first claim is that his right to due process of law was violated when the state withheld exculpatory evidence in the form of a police report which would have lead to Petitioner utilizing an insanity defense at trial. This Court has reviewed Petitioner's claim and determined that it is without merit.

Petitioner's first argument is grounded in *Brady v. Maryland*, 373 U.S. 83 (1963), which holds that a state violates a defendant's due process rights when it fails to disclose to the defendant prior to trial "evidence favorable to an accused . . . where the evidence is material." *Id.* at 87; *see also United States v. Agurs*, 427 U.S. 97, 106 (1976). There are three elements to a *Brady* claim: (1) the evidence must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must be "material," in other words, prejudice must have ensued from its non-disclosure. *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Strickler*, 527 U.S. at 281-82. Evidence is "material" under Brady where there exists a "reasonable

---

12, 2003).) Mr. Hebert raped his victim, who managed to convince him that she would be his friend. In doing so, she gave him her business card. When he called her later to set up a date, undercover police officers set up a meeting, at a specific time and place, and Mr. Hebert told them he would be wearing certain clothing. Hr. Hebert was arrested after showing up at the appointed time and place, wearing the clothing he said he would be wearing. If Mr. Hebert had been found guilty at trial, he would have faced the possibility of, according to Mr. Hebert, "three life sentences and one hundred ninety-eight years." ( Fed. Rec., Rec. Doc. 2, Memorandum in Support of Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody at 20, *Hebert v. LeBlanc*, No. 04-3485 (signed Dec. 16, 2004).) Instead, as a result of his plea, Mr. Hebert received a forty year sentence, and the state agreed not to multiple bill him. (State Rec., Vol. 1 of 2, Writ Granted in Part, *State v. Hebert*, No. 99-K-2293 (Nov. 23, 1999).) Under the circumstances, Mr. Hebert cannot establish that, but for counsel's errors, he would not have pled guilty.

probability" that had the evidence been disclosed the result at trial would have been different. *Banks*, 540 U.S. at 698-99.

Even assuming that the evidence was favorable and was suppressed by the State, this Court does not find that the evidence was material. The police report states that, when raping his victim, Mr. Hebert said the following: "I came from a broken home. You're gonna make me cry... Why do you make me do this to you?"[17] Petitioner argues that he would have used this information contained in this report to support a defense of insanity, and that because it was withheld, he was unable to present such a defense, and pled guilty.

However, Petitioner has not shown that he was prejudiced by the withholding of the police report, because if the incident report had been disclosed to competent counsel prior to trial, there is not a reasonable probability that the result would have been different. First, there is no evidence in the record that trial counsel failed to investigate the possibility of a defense based on mental impairment. Second, presumably Petitioner knew he made such statements and described the incident to his attorney. Thus, there is no evidence in the record that Petitioner's defense counsel was prevented from investigating the possibility of an insanity defense. Moreover, even if the possibility of a mental impairment defense existed, the defense would not have helped him because rape is a "general intent crime in which the criminal intent necessary to sustain a conviction is established by the very doing of the proscribed acts." *State v. Morgan*, 863 So.2d 520, 522 (La. 2004) (citations omitted). Additionally, the allegedly exculpatory material does not indicate an inability to distinguish right from wrong, the standard for an insanity defense

---

[17] (State. Rec., Vol. 2 of 2, D.A. File Supplemental Report, Exhibit C to Petition for Writ of Mandamus, *Hebert v. Leblanc*, No. 03-KH-3115 (Nov. 12, 2003).)

under Louisiana law. Last, as stated above, it was reasonable for Petitioner to plead guilty, given the overwhelming evidence against him, and the severity of the punishment he would have faced if had not pled guilty.

For the same reasons, the Court finds that Mr. Hebert was not prejudiced by the withholding of the police report. Thus, this Court denies Mr. Hebert's claim on the merits.

## VI. Conclusion

Having considered the complaint, the record, and the applicable law, it is determined that Petitioner has not established that his state conviction and sentence present grounds for the relief requested. Accordingly, IT IS ORDERED that the petition of HAROLD HEBERT, JR. for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

New Orleans, Louisiana this 13th day of February, 2006.

HELEN G. BERRIGAN
U.S. DISTRICT JUDGE